IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BENNIE CHARLES CHERRY, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | A-25-CV-1795-ADA-ML |
| | § | |
| NORTH AUSTIN AUTONATION USA, | § | |
| LLC and WESTLAKE FINANCIAL | § | |
| SERVICES, LLC, | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE:

Before the court are Plaintiff Bennie Charles Cherry's Motion to Remand (Dkt. 9, Mot.), Defendant Westlake Financial Services, LLC's ("WFS") Motion to Dismiss (Dkt. 17), and all related briefing.[1] After reviewing the pleadings, the entire case file, and the relevant case law, the undersigned submits the following Report and Recommendation to the District Judge.

### I. BACKGROUND

On July 26, 2025, Cherry purchased a 2021 Mercedes Benz C300 (the "Mercedes") from Defendant North Austin AutoNation USA, LLC ("AutoNation"), financed by WFS. Dkt. 1-1 at 7. Following this purchase, Cherry alleges that WFS and AutoNation engaged in fraud and misrepresentation, threatening Cherry's credit score and use of the Mercedes. *Id.* at 7-8. Cherry alleges WFS has threatened to repossess the Mercedes. *Id.*

---

[1] United States District Judge Alan D Albright referred motions in this case to the undersigned for disposition or report and recommendation pursuant to 28 U.S.C. § 636(b)(1), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. *See* Standing Order dated Feb. 27, 2025.

Cherry commenced this action by filing his Original Petition for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction ("Petition") in the 453rd Judicial District Court of Hays County, Texas ("State Court") on September 30, 2025. Dkt. 1-1 at 5-9 (Pet.). Cherry brings claims for conversion, fraud, misrepresentation, and violations of the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA"), and the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE §§ 17.41-17.63 ("DTPA"). Dkt. 1-1 at 7. Cherry seeks a Temporary Restraining Order preventing Defendants from reporting negative credit actions related to this transaction while litigation is pending and repossessing or otherwise interfering with his use of the Mercedes. *Id.* at 8. Cherry also seeks a refund of his down payment, declaratory relief that he is entitled to the vehicle free of lien or claims, a permanent injunction, statutory damages, the return of signed documents, and costs and fees. *Id.* WFS was served on October 4, 2025, and AutoNation was served on October 8, 2025.[2] Dkt. 1-1 at 2. On November 4, 2025, WFS erroneously filed a notice of removal of this action to the Northern District of Texas. Dkt. 1-1 at 32-33. On November 7, 2025, WFS removed this action to Western District of Texas. Dkt. 1.

Cherry filed the instant Motion to Remand, arguing that WFS's removal is procedurally defective, any federal law claims are ancillary to Cherry's core state-law claims, and WFS's improper removal warrants an award of fees and costs to Cherry. Mot. at 2-3. WFS responded, arguing that it met the requirements for removal, federal question jurisdiction merits removal, and there is no valid basis for costs or sanctions. Dkt. 25, Resp. Cherry replied. Dkt. 27, Rep.

WFS has also moved to dismiss Cherry's Petition in its entirety. Dkt. 17. Cherry responded, Dkt. 24, and WFS replied, Dkt. 28. As the Motion to Remand raises jurisdictional issues, the undersigned will begin his analysis there.

---

[2] WFS asserts that it was served on October 8, 2025, but this is contrary to the State Court Docket Sheet. *Compare* Mot. at 1 *with* Dkt. 1-1 at 2.

## II. APPLICABLE LAW

A case may be removed to federal court if the action is one over which the federal court possesses subject matter jurisdiction. 28 U.S.C. § 1441(a). Generally, a federal court has jurisdiction over a case in two circumstances. The first, known as federal question jurisdiction, exists if a case "arises under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1331. When a federal question is presented on the face of a properly pleaded complaint, removal is appropriate. *Burke v. Ocwen Loan Servicing*, 855 F. App'x 180, 184 (5th Cir. 2021).

However, "[e]ven where a district court would otherwise possess original jurisdiction over a case, that case must nonetheless be remanded to state court if removal is procedurally defective." *Lopez v. Truckers Transp. All., Inc.*, 465 F. Supp. 3d 689, 694 (W.D. Tex. 2020) (citation omitted). The removal statute provides that "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *accord DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006).

## III. ANALYSIS

The parties dispute whether removal was proper. Cherry argues that removal was improper because WFS initially attempted to remove the case to the incorrect federal court, did not remove to the correct court until after the statutory period closed, and did not properly receive consent from AutoNation within the statutory period. Mot. ¶¶ 13-16. WFS argues that it met the

requirements for removal because it "timely filed its Amended Notice of Removal on November 7, 2025, after being served with the Petition on October 8, 2025." Resp. at 4.

Cherry further argues that removal is improper because his federal claim under TILA is ancillary to the core Texas law claims.[3] Mot. ¶¶ 9-12. WFS argues that Cherry's Petition invokes federal law under TILA and that Cherry predicates his DTPA claim on TILA. Resp. at 2-3. Finally, Cherry argues that he should receive costs and fees as this case was wrongfully removed. Mot. at 4. The undersigned begins with the procedural dispute.

Although WFS asserts that it was served with Cherry's citation and Petition on October 8, 2025, the State Court Docket Sheet demonstrates that WFS received service on October 4, 2025, and AutoNation received service on October 8, 2025. Dkt. 1-1 at 2. When the last-served defendant removes the action to federal court, other defendants may consent to removal within thirty days of service upon the last defendant. 28 U.S.C. § 1446(b)(2)(c). However, WFS removed this action, not AutoNation. Therefore, as the removing party, WFS had thirty days from its date of service to file a Notice of Removal and obtain consent from the other served defendant, AutoNation. *Id.* § 1446(b)(1).

WFS had until November 3, 2025—thirty days after it received service—to remove this action to federal court. WFS's first removal attempt occurred after the statutory period closed, on November 4, 2025. Dkt. 1-1 at 32 (November 4 Notice of Removal to NDTX). Furthermore, in its November 4 attempt, WFS also erroneously removed to the incorrect federal court and did not obtain AutoNation's consent. *Id.*; Mot. ¶ 15; *see* Resp. at 2 (asserting that AutoNation consented to the November 7 removal attempt, not the November 4 attempt). Therefore, WFS's first removal

---

[3] Cherry also argues that removal is improper as Defendants are citizens of the forum; however, 28 U.S.C. § 1441(b)(2) only applies to suits removed on the basis of diversity jurisdiction. WFS removed on the basis of federal question jurisdiction. Therefore, the undersigned will not address this argument further.

attempt was procedurally defective and untimely. WFS's second attempt, although it removed to the proper court and obtained AutoNation's consent, was even further outside of the statutory period. *See* Dkt. 1. WFS makes no other arguments regarding procedural propriety beyond arguing that it received service on October 8, 2025; thus, the undersigned finds that WFS has failed to carry its burden of showing that removal was proper. *Manguno*, 276 F.3d at 723. Accordingly, the undersigned finds that WFS's removal to the Western District of Texas was procedurally deficient due to its untimely filing. Therefore, remand is required. *Lopez*, 465 F. Supp. 3d at 694.

Despite this finding, the undersigned does not find that WFS was objectively unreasonable in believing that removal was legally proper due to the presence of a federal claim in Cherry's Petition. *See Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004) (finding that appellants had objectively reasonable grounds for believing removal was proper). The undersigned recommends denying Cherry's request for fees related to removal and remand.

### IV. MOTION TO DISMISS

The undersigned does not reach the merits of WFS's Motion to Dismiss (Dkt. 17) as the undersigned has recommended remand to the State Court. Accordingly, the undersigned recommends that the District Judge dismiss WFS's Motion as moot.

### V. RECOMMENDATIONS

For the reasons listed above, the undersigned **RECOMMENDS** that the District Judge **GRANT IN PART and DENY IN PART** Plaintiff's Motion to Remand (Dkt. 9). Specifically, the undersigned **RECOMMENDS** the District Judge **REMAND** this case to the 453rd District Court of Hays County and **DENY** Plaintiff's request for costs and fees.

The undersigned further **RECOMMENDS** that the District Judge **DISMISS** Defendant's Motion to Dismiss (Dkt. 17).

The referral to this case to the Magistrate Judge should now be **CANCELED**.

## VI. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED February 11, 2026.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE

6